UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Christofar Atak,

        Plaintiff,

vs.

Gregory Siem, in his individual capacity and as an officer of the Rochester Police Department; John Doe and Richard Roe, in their supervisory capacities as ranking Rochester police officers; and the City of Rochester,

        Defendants.

Case No.: 04-2720

**COMPLAINT**

**JURY TRIAL DEMANDED UNDER FRCP 38(b)**

For his Complaint, Plaintiff Christofar Atak, hereby states and alleges as follows:

1. This is a civil rights action for money damages for serious injuries suffered by Plaintiff when he was shot in the back, without legal justification, by Rochester police officer Gregory Siem on the evening of September 2, 2002. Defendant Siem's improper use of deadly force violated the plaintiff's federal civil rights and constitutes federally prohibited behavior on behalf of all defendants, all while they were acting under color of state law.

2. Plaintiff brings this action pursuant to 42 U.S.C. §§1983 and 1988, the Fourth Amendment to the United States Constitution and 28 U.S.C. §§1331 and 1343(3). These statutory and constitutional provisions confer this Court with original jurisdiction.

3. The amount of controversy exceeds $74,000.00, excluding interest and costs.

4. Plaintiff was at all times material herein a citizen of the United States and a resident of the State of Minnesota.

SCANNED

MAY 19 2004

U.S. DISTRICT COURT MPLS

5. Defendant Siem was at all times material herein a duly appointed and acting officer of the Rochester Police Department and a resident of the State of Minnesota.

6. Defendants John Doe and Richard Roe ("Doe and Roe") were at all times material herein ranking officers with the Rochester Police Department with supervisory responsibilities over Defendant Siem and/or other officers authorized to carry and use hand guns and/or stun guns and residents of the State of Minnesota.

7. Defendant City of Rochester ("Rochester") is a municipality duly incorporated under the laws of the State of Minnesota.

8. On September 2, 2002, Defendant Siem improperly used unreasonable deadly force in shooting an unarmed Plaintiff in the back while allegedly attempting to subdue Plaintiff, causing Plaintiff serious injuries, without sufficient legal justification required by law. Defendant Siem has since stated he thought he was using his stun gun.

9. Plaintiff suffered multiple and serious physical injuries, which are permanent and continuingly disabling in nature.

10. Plaintiff hereby demands a jury trial as to all issues of act herein.

## COUNT ONE

## CIVIL RIGHTS VIOLATIONS BY DEFENDANT SIEM

11. Plaintiff re-alleges the allegations contained in paragraphs 1 through 10 herein against Defendant Siem.

12. By the actions described above, Defendant Siem, under color of state law, violated and deprived Plaintiff of his clearly established and well-settled civil rights to be free from the use of excessive and unreasonable force, the improper and unjustified use of deadly force and illegal search and seizure.

13. Defendant Siem subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

14. As a direct and proximate result of the acts and omissions of Defendant Siem, Plaintiff was shot and injured as stated above, thereby damaging him in an amount exceeding One Million ($1,000,000.00) Dollars.

15. Plaintiff is entitled to an award of punitive damages in an amount exceeding One Million ($1,000,000.00) Dollars.

16. Plaintiff is entitled to recovery of his costs, including reasonable attorney's fees, under 42 U.S.C. § 1988.

## COUNT TWO

### CIVIL RIGHTS VIOLATIONS BY DEFENDANTS DOE AND ROE

17. Plaintiff re-alleges the allegations contained in paragraphs 1 through 16 herein against Defendants Doe and Roe.

18. Upon information and belief, Defendants Doe and Roe were not present at the scene of the shooting of Plaintiff by Defendant Siem on September 2, 2002, however, by their prior actions and inactions, they are liable for the violation of Atak's rights.

19. Upon information and belief, Defendants Doe and Roe allowed, permitted, authorized and/or ratified the joint issuance of a hand gun and stun gun to Defendant Siem, when said Defendants Doe and Roe knew, or should have known, that Defendant Siem was not properly trained in the proper use of such hand guns and stun guns, and had not been given sufficient protocol for the use of such hand guns and/or stun guns to safely use the same.

20. These actions of Defendants Doe and Roe are among the direct and proximate cause of the violations of Plaintiff's civil rights as discussed above and all damages stemming there from, including compensatory damages in an amount exceeding One Million ($1,000,000.00) Dollars.

21. Since Defendants Doe and Roe acted with a reckless or callous disregard for the rights and safety of the public and Plaintiff, Plaintiff is entitled to an award of punitive damages in an amount exceeding One Million ($1,000,000.00) Dollars.

22. Plaintiff is also enclosed to an award of costs, including reasonable attorney's fees, under 42 U.S.C. § 1988.

## COUNT THREE

## CIVIL RIGHTS VIOLATIONS BY DEFENDANT CITY OF ROCHESTER

23. Plaintiff re-alleges the allegations contained in paragraphs 1 through 22 herein against Defendant City of Rochester.

24. Upon information and belief, before September 2, 2002, Defendant City of Rochester, with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted, or thereafter ratified a custom, pattern and practice on the part of its policy personnel, including Defendant Siem, of unjustified, unreasonable and illegal use of excessive force, including deadly force, involving the use of hand guns and stun guns.

25. Upon information and belief, before September 2, 2002, Defendant City of Rochester adopted certain customs or policies, including, but not limited to: negligent failure to train officers, including Defendant Siem, in the use of deadly force; provision of inadequate instruction in the proper use of deadly force; failure to adopt and implement appropriate policies and protocol regarding the use of force as they apply to the proper use of hand guns and stun guns.

4

34. In addition, Defendant City of Rochester is liable to Plaintiff by reason of principles of respondeat superior.

35. As a result of Rochester's negligence, as described above, Plaintiff sustained serious physical injuries, which are permanent and continuingly disabling in nature, has sustained and will continue to sustain medical expenses in the future, and has sustained and will continue to sustain in the future a loss of earnings.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1. As to Count One, a money judgment against Defendant Siem for compensatory and punitive damages in an amount in excess of One Million ($1,000,000.00) Dollars, together with costs, including reasonable attorney's fees under 42 U.S.C. § 1988 and prejudgment interest;

2. As to Count Two, a money judgment against Defendants Doe and Roe for compensatory and punitive damages in an amount in excess of One Million ($1,000,000.00) Dollars, together with costs, including reasonable attorney's fees under 42 U.S.C. § 1988 and prejudgment interest;

3. As to Count Three, a money judgment against Defendant City of Rochester for compensatory and punitive damages in an amount in excess of One Million ($1,000,000.00) Dollars, together with costs, including reasonable attorney's fees under 42 U.S.C. § 1988 and prejudgment interest;

4. As to Count Four, a money judgment against Defendant Siem for compensatory damages in an amount in excess of One Million ($1,000,000.00) Dollars, together with costs and prejudgment interest;

5. As to Count Five, a money judgment against Defendant City of Rochester for compensatory damages in an amount in excess of One Million ($1,000,000.00) Dollars, together with costs and prejudgment interest;

6. For such other and further relief as this Court may deem just and equitable.

Dated: April  b , 2004.   By: _____
William F. French, #131945
Attorney at Law
627 Woodhaven Court NE
Rochester, MN 55906
Telephone: (507) 280-6136

By: _____
Jeffrey A. Hanson, # 40897
Hanson Law Firm
402 S. Mantorville Ave.
Kasson, MN 55944
Telephone: (507) 634-3202

*Attorneys for Plaintiff*

7

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## 1. (a) PLAINTIFFS
Christofar Atak

### DEFENDANTS
1. Gregory Siem
2. John Doe
3. Richard Roe
4. City of Rochester

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Olmsted
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Olmsted
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William L. French, 627 Woodhaven Ct. NE, Rochester, MN. 55906 (507) 280-6136; and, Jeffrey A. Hanson, Hanson Law Firm, 402 S. Mantorville Ave., Kasson, MN. 55944 (507) 634-3202.

ATTORNEYS (IF KNOWN)
Unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STAT'DIES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 810 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth In Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW(405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Sec. 1331 and 1343(3) - deprivation of civil rights by use of excessive police force.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23
DEMAND $ $1,000,000.00
CHECK YES only if demanded in Complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: May 17, 2004
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Check # 6830

# WILLIAM L. FRENCH
ATTORNEY AT LAW

P.O. BOX 6323
627 WOODHAVEN COURT N.E.
ROCHESTER, MINNESOTA 55903
e-mail: WLFrench@aol.com
(507) 280-6136

RECEIVED
04 MAY 19 AM 8:56
CLERK U.S. ...
MINNEAP...

18 May 2004

US DISTRICT COURT
202 US COURTHOUSE
300 S FOURTH ST
MINNEAPOLIS MN 55415

RE:  Atak v. City of Rochester, et al.

Dear Clerk,

Enclosed are the following:

    1.   Civil Cover Sheet
    2.   Summons
    3.   Complaint
    4.   Check for $150

If there is anything else, please advise.

By the way, I think the website is phantastisch--and very helpful, to say the least.

Very truly yours,

William L. French

Encl.

cc:  Mr. Christofar Atak
     Mr. Jeffrey A. Hanson